## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-565


**DAMIEN JAROME MORRIS**

**VERSUS**

**CRYSTAL DANIELLE FREEMAN**


**********

SUPERVISORY WRIT FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-4641
HONORABLE JAMES PAUL DOHERTY JR., DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Shannon J. Gremillion, and John E. Conery, Judges.


**WRIT DENIED.**

**Lucretia Pecantte**
**Lucretia Pecantte & Associates**
**P. O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
**Damien Morris**

**Charles Stanislaus "Stan" Feucht**
**Attorney at Law, LLC**
**440 North Second Street**
**Eunice, LA 70535**
**(337) 550-1115**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**Crystal Freeman**

**SAUNDERS, Judge.**

This case involves a child custody and support dispute between Relator and Defendant, Crystal Freeman, who have a minor child together. On December 1, 2011, a judgment was signed granting the parties shared custody of the child, with one parent having the child for seven days and the other parent having the child for the next seven days. On October 21, 2016, Defendant filed a motion for contempt and for modification of custody and child support. Defendant alleged that Relator had become employed outside of Louisiana and that he was threatening to relocate the child to New York in violation of La.R.S. 9:355.1, et seq. The trial court denied Defendant's request for temporary custody of the child but issued an order enjoining either parent from removing the child from the state without first complying with La.R.S. 9:355.1, et seq.

On January 9, 2017, Defendant propounded interrogatories and requests for production of documents on Relator. Defendant did not receive Relator's responses until March 3, 2017. Defendant filed a motion to compel, asserting that Relator had given vague, non-specific responses to some of the discovery requests and had objected to the other discovery requests. Following a hearing held on April 28, 2017, the trial court granted Defendant's motion to compel and gave Relator 15 days to respond to interrogatories 4, 6, and 7, and to produce the documents sought by requests for production of documents 2, 3, 4, and 8. A judgment to that effect was signed on May 17, 2017.

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 2006-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. *But see* La.Code Civ.P. art. 2083, comment (b),

"Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.)

Relator asserts that the trial court erred when it granted Defendant's motion to compel and ordered Relator to answer interrogatories 4, 6, and 7, and to comply with requests for production 2, 3, 4, and 8. Relator notes that on October 21, 2016, Defendant filed a motion seeking, among other things, an increase in child support payments from Relator. Relator contends that Defendant alleges that she recently learned that Relator's wages have increased since the last child support order was rendered and that she is in need of additional support for the child. However, Relator notes that Defendant has not indicated how she learned of the alleged change in Relator's income. At any rate, Relator contends that Defendant has propounded the discovery requests at issue in an effort to prove the alleged change in Relator's circumstances. Relator also notes that before the motion to compel was filed, the parties had a conference with a hearing officer and the hearing officer recommended that Defendant's motion for modification of child support and custody be passed due to lack of evidence. Relator apparently feels that since no one challenged the hearing officer's recommendation, the information sought is no longer relevant.

By the requests for production of documents that are at issue, Defendant seeks discovery of the following information: a copy of Relator's work schedule for the past year; pay stubs or evidence of all income received by Relator since January 2015; and Relator's state and federal income tax returns for 2013, 2014, and 2015. Relator contends that he responded to those requests by indicating that he did not have the requested information in his possession but would sign an authorization form for Defendant to obtain it. Relator maintains that since

Defendant knows where Relator works and where to obtain his tax records, she should have provided authorizations in order to obtain the requested information.

With regard to the interrogatories that Relator has been ordered to answer, Relator maintains that he has already given sufficient answers or made appropriate objections thereto. By interrogatory number 4, Defendant seeks to discover the addresses of the places where Relator has lived for the last three years. Relator contends that he responded sufficiently to that interrogatory when he stated that he does not recall where he lived for the last three years. Also, Relator contends that he properly objected to interrogatory number 6, which seeks information regarding Relator's sources of income since January 2014, and interrogatory number 7, which seeks Defendant's banking information, including all deposits and withdrawals made regarding any accounts since January 2014. Relator maintains that he is self-employed. Thus, Relator argues that requiring him to produce bank account records is unlawful and not in accord with La.R.S. 9:315.2. With regard to the issue of calculating child support, La.R.S. 9:315.2., in pertinent part, provides as follows:

> A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. **When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements,**

3

**receipts, and expenses**. A copy of all statements and documentation shall be provided to the other party.

(emphasis added).

In the instant case, Relator asserts that he is in compliance with La.R.S. 9:315.2 because he provided the hearing officer with copies of his last three income tax returns, along with the attachments and schedules. Relator contends that he has objected to producing the banking and source of income information requested in interrogatories numbers 6 and 7 because those discovery requests seek information beyond what is required by La.R.S. 9:315.2.

In her opposition to the instant writ application, Defendant asserts that although Relator alleges that he has complied with La.R.S. 9:315.2, Relator has not presented any evidence to support that assertion. In fact, Defendant contends that the record does not contain the following: Relator's tax return for the last year as required by La.R.S. 9:315.2; a verified income statement showing Relator's adjusted gross income; or any documentation, other than one paycheck stub, of Relator's past and current earnings. Defendant asserts that the banking records sought to be discovered are relevant and likely to lead to the discovery of admissible evidence that would be helpful in determining if Relator has any extraordinary expenses or additional sources of income. Also, Defendant maintains that La.R.S. 9:315.2 does not limit the scope of discovery and does not prohibit a party from requesting the opposing party's bank records via La.Code Civ.P. art. 1461 or from having a court order the production of such records via a motion to compel. Rather, Defendant contends that the statute only mandates that the financial information listed therein must be provided.

We find that there is merit to Defendant's argument that the information regarding Relator's sources of income and his banking records is relevant and

4

likely to lead to the discovery of admissible evidence pertaining to Defendant's claim for an increase in child support. We also find that there is merit to Defendant's assertion that La.R.S. 9:315.2 does not limit the scope of discovery to only the information listed in that statute. In that regard, we note that La.R.S. 9:315.2(A) expressly states that the information required to be provided by self-employed parents "shall include but is not limited to . . . ." Additionally, we note that in her motion for contempt and for modification of child support and custody, Defendant alleges that Relator had become employed outside of Louisiana and that he was threatening to relocate the child to New York. Thus, we find that the information regarding Relator's addresses for the last three years is relevant. As noted by Defendant, it appears that Relator is being disingenuous when he claims that he does not recall where he has lived for the last three years.

The trial court did not abuse its discretion when it granted Defendant's motion to compel.

**WRIT DENIED.** Relator filed a writ application with this court seeking supervisory review of the trial court's May 15, 2017 ruling compelling Relator to respond to Defendant's discovery requests upon a finding that he failed to do so pursuant to La.R.S. 9:315.2. Our review of the record and jurisprudence reveal that there is no error in the trial court's ruling. Accordingly, Relator's writ application is denied at his cost.